<div style="text-align:center">MURRAY and another, Executors of MILLER,<br><i>against</i> WILSON.</div>

<div style="text-align:center">IN ERROR.</div>

<div style="text-align:right"><i>Saturday,</i><br>April 1st.</div>

ERROR to the common pleas of *Philadelphia* county. *Wilson*, the plaintiff below, brought an action for money had and received by *Miller* to his use. *Miller* was prize agent for the *Enterprise*, a public vessel of war, and received the proceeds of a prize captured by her while *Wilson* was on board. The question was as to the capacity in which the plaintiff was entitled. To prove that he was entitled as a sailmaker, his counsel offered in evidence the following certificate under the seal of the navy department. " Accountant's office, *January* " 1st, 1802: I do hereby certify *that it appears* by the rolls of " the schooner *Enterprise*, filed in this office, that *William Wil-* " *son* was sailmaker on board, from the 6th *July* 1800, to the " 5th *March* 1801. *Tho. Turner*, accountant." This evidence was objected to; but it was admitted by the court. The defendant then offered in evidence the deposition of captain *Shaw*, the commander of the *Enterprise* at the time the prize was made, to prove that the plaintiff was not a sailmaker but a common seaman, to which the plaintiff's counsel objected, because captain *Shaw*, as *commander* of the schooner, was interested in the decision of the cause; and the evidence was accordingly overruled by the court, who sealed a bill of exceptions upon both points.

<div style="float:right;width:30%">The commander of a public armed vessel which has captured a prize, is a good witness in an action by a seaman against the prize agent, to reduce the plaintiff's share of prize money. *Quære.* Whether a certificate by the *accountant* of the navy department, under the seal of that department, is evidence.</div>

*Chauncey* for the plaintiffs in error. The certificate was not evidence. A sailmaker is a warrant officer, appointed by the president, 4 *U. S. Laws* 13. 96. 158; and it is an unyielding

1809.

MURRAY
v.
WILSON.

rule, that where a right is established by a specific authority, the authority must be produced. It is the best evidence. An attorney must produce the roll, a judge his commission; and so a sailmaker his warrant. *Tillard* v. *Shebbeare* (*a*), *Foster* v. *Cale* (*b*), 2 *Roll. Ab.* 574. But the certificate merely states that *it appears* by the rolls: which will not answer, for the court must make its own conclusions. The least that can be offered is either a sworn or office copy of the roll itself. *Bull. N. P.* 226. The accountant has no authority to give such a certificate, because he has not the custody of the seal. The secretary of the department should certify. 4 *U. S. Laws* 233. 470. As to the interest of captain *Shaw*, as commander, it will not bear an argument. He is entitled to three twentieths, if he was acting independently, and two if his vessel was one of a squadron or fleet, which is a *certain* proportion. 5 *U. S. Laws* 124.

*Meredith* for defendant in error. The warrant might be required between the party and the *United States*, but not between him and his agent. The officers keep their warrants with them upon service, and the agent receives by the roll, and therefore must pay by it. The commander of the capturing vessel is bound, on pain of forfeiting all his prize money, to transmit to the navy department and to the prize agent, *complete* lists of the officers and men entitled to a share of the capture, inserting the quality of every person rating. 5 *U. S. Laws* 110. These are absolute between the agent and claimant. Then as to the person certifying: The navy department is a public known office, and its seal entitled to faith. The accountant is a public known officer, created by law for a particular province of that department. 4 *U. S. Laws* 233. What he certifies in his province, as for instance the rolls in question, is a certificate from the proper officer of the navy department, and is entitled to the seal. It is not like the case of a private clerk using the seal of office. Certifying that *it appears*, is no objection. The roll is well known to be a list, in which is entered the person's name, sailmaker, from such a day to such a day; and the certificate has all that. As to the interest, I concede the witness had none strictly as commander; but in this case he gave a certificate that the plaintiff

(*a*) 2 *Wils.* 366.          (*b*) *Stra.* 76.

was sailmaker, and if *Wilson* had recovered as such contrary to the fact, the witness would have been liable to the officers of the same rate, for the loss; he was therefore directly interested to prevent a recovery.

*Reply*. The interest, now objected, forms no part of the exception, and in fact it has no foundation; for if the witness was answerable for an incorrect return, he swore against his interest, as his evidence established the error.

TILGHMAN C. J. This is a writ of error to the court of common pleas of *Philadelphia* county. It is an action brought by *William Wilson*, the defendant in error, who was plaintiff below, against *William Miller*, for money had and received for his use. *Wilson* was in the navy of the *United States*, and entitled to a share of prize money. *Miller* was the agent for prizes; and the dispute was, whether the plaintiff was entitled to a share in the capacity of a sailmaker, or of a common seaman. He claimed as a sailmaker. In the course of the trial, exceptions were taken to the opinion of the court on two points with respect to the admission of evidence, which are stated in a bill of exceptions annexed to the record. The defendant offered to give in evidence the deposition of *John Shaw*, who was captain of the *United States* schooner *Enterprise*, when she captured the prize, concerning which the dispute arose. This deposition was rejected by the court, because *Shaw, as commander* of the said schooner, was interested in the decision of the cause. There was no proof of any interest except such as arose from his being commander. I am therefore of opinion that he was a competent witness; because by the act of congress, regulating the distribution of prizes, he was entitled to a *certain proportion*, which could not be affected by the share which the plaintiff would draw, either as a sailmaker or common seaman. It has indeed been suggested, in the course of the argument here, that he had an interest in preventing the plaintiff's recovery, because he had given a certificate that the plaintiff was sailmaker on board the *Enterprise*, and therefore if the plaintiff recovered, *Shaw* might be subject to an action by the rest of the crew for having certified what was not true; but it is unnecessary to enter into the merits of this objection, because, not ap-

1809.

MURRAY
v.
WILSON.

pearing on the record, we can take no notice of it. It is not stated on the record, that *Shaw* gave any certificate.

I shall give no opinion on the exception to the certificate of *Thomas Turner;* because I take for granted, that the plaintiff, when this cause shall be tried again, will take care to be furnished with a certificate from the navy department, free from all the objections which have been made to this.

On the whole I am of opinion that the judgment of the court of common pleas be reversed, and a new trial ordered.

YEATES, J. I shall avoid giving a decisive opinion whether the certificate issued by the accountant of the navy department, under the seal of that office, was evidence in this case. But I have no doubt that a true copy of the muster rolls, properly certified, would have been admissible. The ground, on which I think the judgment should be reversed, is, that the deposition of captain *John Shaw* was not permitted to go to the jury. It was objected that he was interested in the event of the cause, as commander of the schooner *Enterprise,* on board whereof was the defendant in error, who has instituted this suit for the recovery of his share of prize money as a sailmaker.

It has been candidly admitted by the counsel of *Wilson,* that captain *Shaw's* prize money could neither be diminished nor increased by whatever might be the result of this action. The share of the captain is regulated by an act of congress passed 23d *April* 1800. But it is said that if captain *Shaw* should be permitted to substantiate the fact, that the plaintiff below was not a sailmaker on board, he would thereby render himself responsible; and consequently is interested. The force of this reasoning rests on the fact of his being the officer who made the returns from which the certificate is extracted. But this does not appear from the certificate, which only states, that it appears by the rolls of the schooner *Enterprise,* filed in the accountant's office, that *William Wilson* was sailmaker on board from the 6th *July* 1800, to 5th *March* 1801. Now *Shaw* might not have made these returns; and in fact it appears by the deposition that he had the command of the vessel from *October* 1799 to *October* 1800, when the state of his health obliged him to leave her. The result therefore would be, that of the eight months, during which *Wilson* was on board of the schooner, *Shaw* commanded her only three months.

But even admitting that captain *Shaw* had made the returns, 1809.
I do not see how this would affect his competency. His depo-
sition was offered by the defendant below, in order to shew
that he was not a sailmaker, within the true meaning of the act WILSON.
of congress, entitled in that quality to prize money. He is ad-
duced to swear against his own interest; because if the making
of a false or imperfect return would create a liability, he is
brought to establish a fact which may eventually produce that
effect. A man will be admitted to swear *against* his own inte-
rest, though not in favour of it.

In every point of view, I think captain *Shaw* was a compe-
tent witness; that his testimony ought to have been received;
and consequently that the judgment below should be reversed,
and a *venire facias de novo* be awarded.

BRACKENRIDGE, J. was holding a court of nisi prius during
the argument, and gave no opinion.

<div align="right">Judgment reversed, and
*venire de novo* awarded.</div>